# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ERIC LEE BROWN, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 1:11-CV-2667-TWT-CCH |
| | : | |
| v. | : | |
| | : | CIVIL RIGHTS |
| OFFICER R. BAGWELL, et al., | : | 42 U.S.C. § 1983 |
| Defendants. | : | |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Eric Lee Brown, an inmate at the Rockdale County Jail in Conyers, Georgia, has filed the instant *pro se* civil rights action under 42 U.S.C. § 1983. For the purpose of dismissal, Plaintiff is **GRANTED** *in forma pauperis* status, and the matter is now before the Court for a review under 28 U.S.C. § 1915A. For the reasons given below, it is **RECOMMENDED** that the action be dismissed.

## I.     The Standard of Review

Pursuant to § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it appears from the face of the complaint that the plaintiff "has little or no chance of

success," i.e., "the factual allegations are clearly baseless," "the legal theories are indisputably meritless," or immunity bars relief. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). *See also Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1953 (2009) (holding that *Twombly* "expounded the pleading standard for all civil actions," to wit, conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible") (internal quotations omitted).

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994). Further,

2

the court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The plaintiff, however, must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts. *Beck v. Interstate Brands Corp.*, 953 F.2d 1275, 1276 (11th Cir. 1992). *See also Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission (1) deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States and (2) was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. Background

Plaintiff sues Officer R. Bagwell, Sheriff Thomas J. Wigington, and Judge David Irwin, alleging that he was subjected to an illegal stop. According to Plaintiff, Officer Bagwell stopped his car while he was driving on October 9, 2010 and asked for his driver's license. Plaintiff contends that he asked Officer Bagwell why he pulled him over, and Officer Bagwell responded that Plaintiff's brake light was not working properly. Plaintiff alleges that he fled the scene because his driver's license was suspended. Plaintiff was apprehended and a firearm was recovered from the vehicle. Plaintiff contends that he was charged with possession of an illegal firearm, driving on a suspended license, and willful obstruction.

According to Plaintiff, he observed that his brake lights were in proper working order after his arrest when his vehicle was placed on the tow truck. Plaintiff alleges that he was convicted and sentenced to five years on the charge of possession of an illegal firearm. Plaintiff seeks immediate release, his conviction reversed, and damages.

## III. Discussion

To the extent that Plaintiff seeks reversal of his conviction and release, he cannot obtain such relief in a § 1983 action. A habeas corpus petition is the proper vehicle for

raising claims that may affect the fact or duration of a criminal defendant's confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). Plaintiff's complaint should not be construed as a habeas corpus petition; doing so would be futile because it does not appear that Plaintiff has exhausted his state court remedies, which he must do prior to bringing a federal habeas corpus petition in this Court. See 28 U.S.C. § 2254(b)(1)(A).

In addition, Plaintiff's damages claim is premature. In *Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (footnote and citations omitted), the United States Supreme Court stated that a § 1983 cause of action "attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Plaintiff's § 1983 claims that he was subjected to an illegal stop would imply the invalidity of his subsequent conviction. *See Queen v. Purser*, 109 F. App'x 659, 660 (5th Cir. 2004) (holding former inmate's false arrest claim necessarily challenged whether evidence, which officer seized following an allegedly illegal stop, and which led to his subsequent conviction, supplied probable cause for his arrest; thus claim was not cognizable under § 1983, absent showing that conviction had been invalidated). Therefore, his claim for damages must fail.

5

IV. <u>Conclusion</u>

Based on the foregoing, **IT IS RECOMMENDED** that the instant action be **DISMISSED** as frivolous under 28 U.S.C. § 1915A.

The Clerk is **DIRECTED** to terminate the referral to the undersigned magistrate judge.

**IT IS SO ORDERED AND RECOMMENDED** this 14th day of September, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)